IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RAYMOND OUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-062 |
| ) | (Formerly CR 192-108) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raymond Outler, an inmate currently confined at the Federal Correctional Institution in Beckley Beaver, West Virginia, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

### I. BACKGROUND

According to his motion, on April 13, 1993, Petitioner was convicted of armed bank robbery, use of a firearm during commission of a violent felony, and of possession of a firearm by a convicted felon. (Doc. no. 1). On July 1, 1993, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to a total of 240 months

imprisonment on all three counts. (Id.). Petitioner filed an appeal to the Eleventh Circuit Court of Appeals, but Petitioner's judgment of conviction was affirmed on September 28, 1994. (Id. at 2).

Petitioner then attempted to collaterally attack his conviction by filing a motion under Federal Rule of Criminal Procedure 33; Judge Bowen recharacterized this motion as brought pursuant to § 2255 and denied it. Outler v. United States, CV 195-206, doc. no. 1 (S.D. Ga. Dec. 19, 1995). Petitioner unsuccessfully appealed the denial of his Rule 33 motion to the Eleventh Circuit Court of Appeals. Outler v. United States, No. 96-8276 (11th Cir. June 24, 1998). Petitioner next requested permission from the Eleventh Circuit to file a successive § 2255 motion, which was denied on July 8, 2003.[1] In re: Raymond Outler, No. 03-13265-B (11th Cir. July 8, 2003). Undeterred, in 2004, Petitioner again attempted to obtain relief pursuant to § 2255. The 2004 motion was dismissed as untimely.[2] Id. at doc. no. 18, *aff'd* Civil Case No. 05-15250 (11th Cir. May 11, 2007).

Petitioner has now submitted a third § 2255 motion in which he argues actual innocence of the crime for which he was convicted because he is purportedly confined for a crime Congress did not enact until five years after he was convicted.

---

[1] Unfortunately, at this time the Eleventh Circuit did not address whether Petitioner's Rule 33 motion would in fact render any subsequent § 2255 motion successive.

[2] Originally, the Court dismissed CV 104-067 as impermissibly successive. See doc. no. 3, *adopted by* doc. no. 7. This determination was reversed by the Eleventh Circuit Court of Appeals as violative of Castro v. United States, 540 U.S. 375 (2003), which places limits upon when a *pro se* pleading which the district court recharacterizes as a § 2255 motion will render subsequent § 2255 motions successive. (See doc. no. 13).

2

## II. DISCUSSION

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner first filed a motion under Federal Rule of Criminal Procedure 33 that was recharacterized as motion as brought pursuant to § 2255 in 1995, CV 195-206. He then filed his second § 2255 in 2004, CV 104-067. Because his original § 2255 motion was recharacterized, and deeming it successive violated the parameters set forth in Castro, 540

3

U.S. 375, Petitioner's second § 2255 was dismissed as untimely. In his current § 2255 motion, he does not state that he has either sought or been granted permission to file a successive § 2255 petition in this Court; absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issue raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed so that he can seek authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion.

### III. CONCLUSION

Based on an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing § 2255 Cases for the United States District Courts and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4