IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND OUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-062 |
| | ) | (Formerly CR 192-108) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge explained that Petitioner had previously filed a § 2255 motion and recommended dismissal of the current § 2255 motion so that Petitioner could seek authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion. (Doc. no. 2).

In his objections, Petitioner argues that he is pursuing an "Actual Innocence" claim, and that "in an extraordinary case, where a federal constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal court may grant a writ of habeas corpus even in the absence of a showing of cause for the prisoner's procedural default in failing to properly raise the constitutional error in court." (Doc. no. 4, p. 2). Petitioner also argues, "[W]hile the Supreme Court has acknowledged such limitations of successive and abusive petitions, its decisions are tempered by an abiding appreciation for

'the equitable nature of habeas corpus' which precludes the 'application of strict rules of res judicata.'" (Id. at 5 (citing Kuhlman v. Wilson, 477 U.S. 436, 444 n.6 (1995)). Petitioner then notes that it is "evident that this court has consistently attempted to apply the applications of strict rules of res judicata even where this Petitioner shows this court that he is actual[ly] Innocen[t] of violating 18 U.S.C. § 924(c)(1)." (Id.).

Petitioner's objections are misguided. First, the Magistrate Judge did not recommend dismissal of Petitioner's § 2255 motion because he had procedurally defaulted on his claims. Rather, the Magistrate Judge recommended dismissal because Petitioner filed a successive § 2255 motion. As noted in the Report and Recommendation, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." (Doc. no. 2, p. 3 (citing In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3))). Second, contrary to Petitioner's opinion, his privilege for a writ of habeas corpus is not being suspended. (Doc. no. 4, p. 4). Rather, the Magistrate Judge recommended dismissal of his current § 2255 motion **so that Petitioner can seek authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion**. (Doc. no. 2, p. 4) (emphasis added). Thus, while Petitioner is not presently allowed to proceed in this Court, nothing in the Report and Recommendation prevents him from petitioning the Eleventh Circuit for authorization to file a second § 2255 motion.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is

'the equitable nature of habeas corpus' which precludes the 'application of strict rules of res judicata.'" (Id. at 5 (citing Kuhlman v. Wilson, 477 U.S. 436, 444 n.6 (1995)). Petitioner then notes that it is "evident that this court has consistently attempted to apply the applications of strict rules of res judicata even where this Petitioner shows this court that he is actual[ly] Innocen[t] of violating 18 U.S.C. § 924(c)(1)." (Id.).

Petitioner's objections are misguided. First, the Magistrate Judge did not recommend dismissal of Petitioner's § 2255 motion because he had procedurally defaulted on his claims. Rather, the Magistrate Judge recommended dismissal because Petitioner filed a successive § 2255 motion. As noted in the Report and Recommendation, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." (Doc. no. 2, p. 3 (citing In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)))). Second, contrary to Petitioner's opinion, his privilege for a writ of habeas corpus is not being suspended. (Doc. no. 4, p. 4). Rather, the Magistrate Judge recommended dismissal of his current § 2255 motion **so that Petitioner can seek authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion**. (Doc. no. 2, p. 4) (emphasis added). Thus, while Petitioner is not presently allowed to proceed in this Court, nothing in the Report and Recommendation prevents him from petitioning the Eleventh Circuit for authorization to file a second § 2255 motion.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is

**DISMISSED**, and this case is **CLOSED**.

SO ORDERED this 21st day of October, 2008, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE